MACON & B. R. CO.(BRANCH v.). See Case No. 1,808.

MACON & B. R. CO. (CUNNINGHAM v.). See Case No. 3,483.

McPHERSON (BARRETT v.). See Case No. 1,049.

---

## Case No. 8,920.

### MACPHERSON et al. v. BLYTHESWOOD.

[1 Phila. 546; 12 Leg. Int. 58.]

District Court, E. D. Pennsylvania. March 16, 1855.

SEAMEN'S WAGES — DEDUCTIONS FOR BOARD AND TRANSPORTATION AFTER WRECK—BRITISH LAW.

[Under the acts of parliament it is the duty of British consuls in foreign countries to find conveyance home for the sailors of a wrecked British vessel; and where the master, without communicating with the consul, assumes his duties in this respect, the resulting expenses for board and transportation of the seamen cannot be deducted from their wages, which are to be estimated up to the day of the wreck.]

[This was a libel by Macpherson and others against the British barque Blytheswood, J. F. Long, master, to recover seamen's wages.]

R. P. Kane and B. Rush, for libellant.
B. Gerhard, for respondent.

Before KANE, District Judge.

This case was partially heard and was continued to hear an argument on the point "whether the expenses of boarding the men and transporting them to Philadelphia, after the wreck, formed a legal charge, to be deducted from their wages?"

THE COURT held, that under the acts of parliament, the responsibility is thrown upon her Britannic majesty's consul to find a conveyance for the seamen to their own country, upon receiving information of the wreck from the surviving officers of the vessel. In this case, no communication was made to the consul, and the master assumed the duties of the consulate. Although the consul might in his discretion, reimburse the captain, the expenses thus assumed and paid by that officer formed no legal charge against the wages due the men. These wages to be estimated up to the day of the wreck. Decree accordingly.